# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Sher Dil Khan,<br><br>    Plaintiff,<br><br>v.<br><br>Credit Control Services, Inc. d/b/a/<br>Credit Collection Services,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Sher Dil Khan ("Sher"), is a natural person who resided in Skokie, Illinois, at all times relevant to this action.

2. Defendant, Credit Control Services Inc. d/b/a Credit Collection Services ("CCS"), is a Delaware corporation that maintained its principal place of business in Norwood, Massachusetts, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.,* because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## ARTICLE III STANDING

6. Sher has Article III standing to bring him FDCPA claim against CCS because CCS's communications in attempt to collect an alleged debt constitute an unwanted intrusion upon his solitude, seclusion, and peace and quiet, which are common law analogues to the FDCPA violations asserted below. See *Vazzano v. Receivable Mgmt. Servs., LLC*, 621 F. Supp. 3d 700, 709 (N.D. Tex. 2022) (receiving an unwanted letter "has a 'close relationship' to the type of harm protected by the common law tort of intrusion upon seclusion (protecting against intrusion into private solitude)) (citing *TransUnion LLC v. Antoniarez*, – — U.S. ——, 141 S. Ct. 2190, 2204 (2021)) (also citing *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) (Barrett, J.) ("The harm posed by unwanted text messages is analogous to that type of intrusive invasion of privacy.")).

7. CCS's collection efforts with respect to the alleged debt caused Sher to suffer concrete and particularized harm, inter alia, because the FDCPA provides Sher with the legally protected right not to be misled about the legal status of a debt or treated unfairly with respect to any action for the collection of any consumer debt.

8. Moreover, the emotional distress Sher experienced is a sufficient concrete injury to establish Article III standing. See *Mayfield v. LTD Fin. Servs., L.P.*, No. 4:20-CV-01966, 2021 WL 4481089, at *4 (S.D. Tex. Sept. 30, 2021) (citing *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 169 (5th Cir. 2016) ("[E]motional harm satisfies the 'injury in fact' requirement of constitutional standing.")) (additional internal quotation marks omitted); see also *Smith v. Moss Law Firm, P.C.*, No. 18-2449, 2020 WL 584617, at *5 (N.D. Tex. Feb. 6, 2020) ("legal

costs, anxiety, and worry" caused by defendant's alleged FDCPA violation were concrete and particularized injuries for purposes of FDCPA claim).

9. CCS's attempts to collect an alleged debt from Sher after receiving notice of his refusal to pay are the type of harassment and invasions of privacy that Congress sought to protect by enacting FDCPA.

10. CCS's communications to collect an alleged debt from a consumer who refuses to pay "disadvantages other debt collectors," who properly follow FDCPA. 15 U.S. Code § 1692 (Congressional findings and declaration of purpose).

## STATEMENT OF FACTS

11. At all times relevant to this action, CCS collected consumer debts.

12. CCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

13. The principal source of CCS's revenue is debt collection.

14. CCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. At all relevant times, CCS was engaged in "trade" and "commerce" as defined by 815 ILCS 505/1(f).

16. As described, *infra*, CCS contacted Sher to collect a debt that was incurred primarily for personal, family, or household purposes.

17. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Sher is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. On June 16, 2024, CCS sent Sher a text message in an attempt to collect a debt.

20. In response, on July 12, 2024, Sher stated unequivocally, "I will not be paying this debt, so please don't text me."

21. Despite this clear communication, on July 22, 2024, CCS texted Sher again in an attempt to collect the debt.

22. This text message from CCS stated, "We look forward to assisting you", which could be misleading given Sher's previous refusal to pay and to cease contact with him.

23. Sher has suffered concrete harm as a result of CCS's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection communications, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communications with Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

27. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d

130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

28. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

29. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

30. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

32. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

34. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act**

35. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23.

36. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

38. Plaintiff has suffered significant actual damages resulting from Defendant's unlawful practices, including both out of pocket expenses, as well as emotional pain and suffering.

## JURY DEMAND

39. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

40. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant for actual and punitive damages as provided under 815 ILCS 505/10a(a).

    c. Judgment against Defendant for costs and reasonable attorney fees as provided under 815 ILCS 505/10a(c).

    d. For such other legal and/or equitable relief as the Court deems appropriate.

6

RESPECTFULLY SUBMITTED,

Date: October 30, 2024

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*